The Honorable John H. Dawson State Representative P.O. Box 336 Camden, Arkansas 71701
Dear Representative Dawson:
This is in response to your request for an opinion concerning Act 1245 of 1991. That act amends A.C.A. § 18-28-208, a section of the "Uniform Disposition of Unclaimed Property Act." You pose four questions which relate to Section 1 (a) of Act 1245. That subsection provides as follows:
 (a) All intangible personal property held for the owner by any court, public corporation, public authority, or public officer of this state, or a political subdivision thereof, that has remained unclaimed by the owner for more than seven (7) years is presumed abandoned. Unclaimed property held by local courts, law enforcement officers or elected public officials of a political subdivision of this state shall be deposited by the holder in the county general fund wherein the holder is located.
Your first question regarding this subsection is as follows:
 Does Act 1245 of 1991 require only unclaimed intangible personal property held by local courts, law enforcement officers, or elected public officials of a political subdivision of this state to be deposited in the county general fund of the county wherein the property holder is located?
It is my opinion that the answer to this question is "yes."
Although the last sentence in subsection (a) above states only that "unclaimed property held by [certain public entities] shall be deposited . . . in the county general fund," it is my opinion that the phrase "unclaimed property" refers to the "intangible personal property" described in the first sentence of subsection (a). Such property becomes "unclaimed property" after seven years in the hands of the public entity if it has remained unclaimed during that period. Additionally, this office has stated previously that the "Uniform Disposition of Unclaimed Property Act" applies only to "intangible personal property," which is now specifically defined at A.C.A. § 18-28-208(10) (Supp. 1989).See Opinion No. 86-025, a copy of which is enclosed. In my opinion, nothing in Act 1245 has changed or amended this conclusion.
Your second question is as follows:
 If this requirement is not limited to intangible personal property, to what property does it apply?
Because the answer to your first question is "yes," an answer to this question is not required.
Your third question is as follows:
 If the unclaimed property is other than money, is it to be transferred by the holder to the county treasurer or is the holder required to convert the property to cash and then transfer the cash to the county treasurer?
The act does not precisely address this issue. It requires only that the "unclaimed property" be "deposited by the holder" in the county general fund. This language does not include any requirement that the holder convert the property to cash before deposit. In fact, it appears that A.C.A. § 14-25-103 in many cases would militate against this action. It appears then that the holder should deposit the property with the county treasurer, (who has custody of the county general fund, see generally A.C.A. § 14-15-805), and thereafter the treasurer will be responsible for the property and any conversion of the property. Ideally, this responsibility will be undertaken in accordance with a validly adopted ordinance of the quorum court passed in response to the adoption of Act 1245.
Your fourth question is as follows:
 If the holder of unclaimed property other than money is required to convert the same to cash, what is the procedure for converting the property to cash?
Because in my opinion the holder is not required to convert the property to cash, an answer to your fourth question is unnecessary.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh